UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Charles Lamb, #186788 | ) | C/A No.  8:09-964-CMC-BHH |
| *a.k.a Charles Willis Lamb*, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | REPORT AND RECOMMENDATION |
| v. | ) | |
| | ) | |
| | ) | |
| Department of Corrections; | ) | |
| John Doe Medical Agency, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Charles Lamb (Plaintiff), proceeding *pro se*, brings this action pursuant to 42

U.S.C. § 1983.[*]  Plaintiff is incarcerated at Lieber Correctional Institution, and he files this

action *in forma pauperis* under 28 U.S.C. § 1915.  In his brief complaint, Plaintiff alleges

that the Defendants refused to have Plaintiff's broken hand placed in a cast.  Plaintiff

seeks monetary damages.

Pro Se and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been

made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915;

28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat.

_____

[*]Pursuant to the provisions of  28 U.S.C. §636(b)(1)(B) and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.  Further reference to this complaint brought under Title 42 of the United States Code will be by section number only.

1321 (1996).  This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

This complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit.  To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious."  28 U.S.C. § 1915(e)(2)(B)(i), (ii).  A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact."  *Denton v. Hernandez*, 504 U.S. at 31.  A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B).  *See Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

This Court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 551 U.S. 89 (2007); *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 9 (1980).  Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal.  The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so.  However, the requirement of liberal

2

construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

<u>Background</u>

This is the tenth case filed by this prisoner since August of 2008, containing similar factual allegations about Plaintiff's un-casted broken hand.[**]  This Court may take judicial notice of Plaintiff's litigation history and of the contents of his various filings with the Court. *Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970). *See also Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records'").

Service of process on one of the named Defendants was authorized in Plaintiff's first case regarding his allegedly un-casted broken hand, Civil Action No. 8:08-2805. However, the case was ultimately dismissed for Plaintiff's failure to prosecute.  Eight additional cases (Civil Action No.'s: 8:08-3558, 8:08-3685, 8:08-3732, 8:09-105, 8:09-

---

[**] *See* Civil Action No.'s 8:09-726 (against "Kirkland Correctional Institution Doctor"); 8:09-478 (against "Dr. Daniels Williams, Kirkland Correctional Institution Medical Staff Doctor"); 8:09-477 (against " Mrs. Ruefly Landon, X-Ray Nurse, Kirkland Correctional Institution Medical Staff"); 8:09-322 (against "John Does, X-ray people them, at Kirkland Correctional Institution" and "South Carolina Department of Corrections"); 8:09-105 (against "Kirkland Correctional Institution Medical Agency"); 8:08-3732 (against "Department of Corrections"); 8:08-3685 (against "Department of Corrections"); 8:08-3558 (against "Kirkland CI Medical Staff"); 8:08-2805 (against "Lieber Corr Institution," "John Does, Medical Center people them," and "John Does, Medical Staff people them at Lieber").

3

322, 8:09-477, 8:09-478, and 8:09-726) have been recommended for summary dismissal without prejudice, prior to service.   The Report and Recommendations in Civil Action No.'s 8:08-3558, 8:09-105, 8:09-322 , 8:09-477, 8:09-478, and 8:09-726 indicated that the facts of Plaintiff's respective complaints regarding his broken hand failed to state a federal constitutional claim of deliberate indifference to medical needs.

In the present case, Plaintiff  sues the Department of Corrections (DOC) and John Doe Medical Agency.  Plaintiff's entire "statement of claim" follows verbatim:

> I want you to know that I would like to sue Department of Corrections John Doe Medical Agency for damage for Three (300) hundred Trillion Thousand Dollars for them refusing to put a cast on my hand when they had found out that my hand on me was broke on me and fracture on me.

## Discussion

This complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271(1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)).  A civil action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707.  To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

4

Plaintiff's complaint states that the Defendants "found out" he had a broken hand, but refused to place a cast on the injury. Thus, it appears Plaintiff may be claiming deliberate indifference to his medical needs. However, if indeed this is the constitutional violation he attempts to allege, such a claim is unsupported by the facts.

The law is clear that correctional systems are required to provide medical care to inmates, and detention facilities are required to provide medical treatment to detainees. *Helling v. McKinney*, 509 U.S. 25 (1993):

> [W]hen the State takes a person into its custody and holds him there against his will, the Constitution imposes upon it a corresponding duty to assume some responsibility for his safety and general well being. . . . The rationale for this principle is simple enough: when the State by the affirmative exercise of its power so restrains an individual's liberty that it renders him unable to care for himself, and at the same time fails to provide for his basic human needs − e.g., food, clothing, shelter, medical care, and reasonable safety − it transgresses the substantive limits on state action set by the Eighth Amendment.

*Id.* at 32 (*quoting DeShaney v. Winnebago County Dept. of Social Services*, 489 U.S. 189, 199-200 (1989)).

However, with respect to medical care, a prisoner in a § 1983 case "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). The Supreme Court has also stated that not "every claim by a prisoner that he has not received adequate medical treatment states a violation." *Estelle v. Gamble*, 429 U.S. at 105. "Although the Constitution does require that prisoners be provided with a certain minimum level of medical treatment, it does not guarantee to a prisoner the treatment of his choice."

5

*Jackson v. Fair*, 846 F.2d 811, 817 (1st Cir. 1988).   In addition, while the provision of medical care by prison or jail officials is not discretionary, the type and amount of medical treatment is discretionary.  *See Brown v. Thompson*, 868 F. Supp. 326 & n. 2 (S.D.Ga. 1994).

In *Lamb v. Maschner*, 633 F. Supp. 351 (D.Kan. 1986), the district court ruled that the proper inquiry is whether the prison or jail provided any treatment, and that the plaintiff's agreement or disagreement with the treatment is irrelevant:

> Even though plaintiff and defendants have a differing opinion as to the proper treatment to be received by plaintiff, this does not in and of itself state a constitutional violation.  *See Smart v. Villar*, 547 F.2d 112 (10th Cir. 1976).  Therefore, the key question in this case is whether the defendants have provided plaintiff with some kind of treatment, regardless of whether it is what plaintiff desires.

*Lamb v. Maschner*, 633 F. Supp. at 353.  In the instant complaint, and in several of Plaintiff's previous cases concerning his broken hand[***], he indicates that some medical treatment was rendered to determine that Plaintiff had a fracture.   As Plaintiff received some medical attention for his injury, he fails to show "deliberate indifference" on the part of the Defendants.

At most, Plaintiff's claim, that the Defendants would not cast Plaintiff's allegedly broken hand,  sounds in negligence.  However, negligent or incorrect medical treatment is not actionable under § 1983.  *Estelle v. Gamble*, 429 U.S. at 106.  *See also Daniels v. Williams*, 474 U.S. 327, 328-36 & n.3 (1986); *Davidson v. Cannon*, 474 U.S. 344, 345-48

---

[***] Several of Plaintiff's previous cases concerning his broken hand state that Plaintiff received an x-ray.

(1986); *Ruefly v. Landon*, 825 F.2d 792, 793-94 (4th Cir. 1987). As Plaintiff's claim fails to rise to the level of deliberate indifference, and negligence is not cognizable under § 1983, Plaintiff's complaint is subject to summary dismissal.

<u>Recommendation</u>

Accordingly, it is recommended that the District Judge dismiss the complaint in the above-captioned case without prejudice and without issuance and service of process. *See United Mine Workers v. Gibbs*, 383 U.S. 715 (1966). *See also Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972).

s/Bruce Howe Hendricks
United States Magistrate Judge

May 18, 2009
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 10768
Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).